**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CA. NO.: CR 05-57T** |
| **VS.** | : | |
| | : | |
| | : | |
| **RENE H. TORRES** | : | |

**DEFENDANT'S, RENE H. TORRES, MOTION TO SUPRESS STATEMENTS**

NOW COMES, the defendant, Rene Torres, by and through counsel, and moves this Honorable Court, for an order, to suppress from introduction into evidence, any and all statements allegedly obtained or secured, from this defendant, at the time of his arrest or thereafter.

As grounds therefor, the defendant incorporates by reference the arguments set forth in the accompanying Memorandum of Law.

Defendant,
RENE TORRES
By his Attorney,

David A. Cooper

David Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

## CERTIFICATION

I hereby certify that on this the 6th day of June, 2005, I served a true and correct copy of the within Motion, by regular mail, postage prepaid, upon Dulce Donovan, Esquire, Office of the United States Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903.

Renee Torres.Mot.Sup.Stmts-2.doc

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CA. NO.: CR 05-57T** |
| **VS.** | : | |
| | : | |
| **RENE H. TORRES** | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPRESS STATEMENTS**

I. STATEMENT OF THE FACTS:

Subsequent to his arrest, the defendant, Rene H. Torres, was brought to the Pawtucket Police Department at approximately 4:50 p.m. on March 22, 2004. The government, at that time had secured certain information and evidence pursuant to a court authorized search warrant for that residence located at 688 Broadway in the City of Pawtucket, Rhode Island.

The government contends, that this defendant, exercised dominion and control over the residence, at 688 Broadway, 3rd floor, including the area in which the weapon, which is the subject matter of the indictment, was found. It is noteworthy, however, that the defendant's wife, Wendi Torres also resided at the subject premises and did herself have specific ability to exercise dominion and control over those same premises.

The Pawtucket Police Department had earlier detained and questioned one Wendi Torres, and had brought her to the Pawtucket Police Department Station. Pawtucket Police thereupon requested she provide a statement regarding the offense charged in this indictment. Moreover, she was informed that she was a suspect in the course of this

narcotics investigation and was requested to execute a Waiver of Rights form. Ms. Torres provided a statement to the Pawtucket Police Department, subsequent to the execution of her Waiver of Rights, that the weapon found in her apartment was according to her not hers. Specifically, she claims, "I never seen it before. The only other person that goes in my bedroom is my husband. I guess it is his gun."

Ms. Torres, at all times relevant to hereto, was a suspect in this investigation, and this was a fact which was made known to the defendant by representatives of the Pawtucket Police Department.

Approximately one hour after Ms. Torres provided her statement to the Pawtucket Police Department, Mr. Torres, the defendant, provided a statement himself, accepting responsibility for the possession of the firearm and ostensibly conceding ownership of the same.

II. STATEMENT OF THE ISSUE:

Must the statement of the defendant, Rene H. Torres, be suppressed from evidence as the same was neither voluntary, intelligent or made with a full comprehension of the rights secured to him by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

III. LEGAL ARGUMENT:

While the Pawtucket Police Department had the defendant execute a waiver of his Constitutional Rights form, on the date of his arrest, which was initialed and signed at approximately 4:51 p.m., the execution of that statement alone is not enough to render it an admissible document at the time of trial. A careful and thorough administration of

*Miranda* warnings alone is not necessarily sufficient to insure the validity of a subsequent statement. *United States v. Marenghi,* 109 F. 3d 28, 32 (1st Cir. 1997).

This is so because a danger exists where the coercive nature of the circumstances in which a statement is provided may not have resulted in atmosphere devoid of coercion of compulsion.

A confession obtained during an unreasonable detention is subject to suppression unless it was sufficiently an act of freewill sufficient to purge any primary taint of the unlawful invasion. *Wong Sun v. United States,* 371 U.S. 471, 488 (1963). The government hears the burden of showing a sufficient break in events to undermine the inference that the confession was caused by a Fourth Amendment violation. *Oregon v. Elstad,* 470 U.S. 298, 306 (1985). The Supreme Court of the United States has set forth the following factors for courts to consider in answering whether a confession was sufficiently an act of free will:

(1) The presence or absence of *Miranda* warning;

(2) The temporal proximity of the arrest and the confession;

(3) The presence of intervening circumstances;

(4) The purpose and flagrancy of any official misconduct.

*See e.g., Brown v. Ilinois,* 422 U.S. 602, 603-604 (1986). *See also, Anderson v. Calderon* 232 F. 3d 1053, 1072 (9th Cir. 2000).

This court should note that the inquiry as to whether an individual waived the rights conveyed in the Miranda warnings has two distinct dimensions. *Edwards v. Arizona,* 451 U.S. 477, 482 (1981). First, the relinquishment of the right must have been voluntary in

the sense that is was the product of a free and deliberate choice rather than intimidation, coercion or deception. *Moran v. Burbine,* 475 U.S. 412, 421 (1986). Second, the waiver must have been made with a full awareness of both the nature of right being abandoned and the consequences of this decision to abandon it. Only if the totality of the circumstances surrounding the interrogation of a suspect is of an uncoerced choice may a court properly conclude that the Miranda Rights had been waived. *Id.* In the instant case, the defendant was confronted with the situation whereby his wife had previously been brought to the police station, subject to questioning regarding the same firearm, as himself, and placed in potential jeopardy for the same. Representatives of the Pawtucket Police Department indicated to him that his wife would be prosecuted for the firearms offense, unless and until, he accepted responsibility for the same and declared the weapon to be his. The representation by representatives of the Pawtucket Police that his wife would be charged for the offense represented that form of undue and unusual pressure upon the defendant, as would qualify for suppression of his statement as being, in effect, involuntary. *See e.g., United States v. Genao,* 281 F. 3d 305, 310 (1st Cir. 2002).

In determining whether a statement is voluntary, the court looks at the surrounding circumstances and the combined effect of the entire course of police conduct upon the defendant. *See, United States v. Polanco,* 93 F. 3d 555, 560 (9th Cir. 1996); *Pollard v. Galaza,* 290 F. 3d 1030, 1033 (9th Cir. 2002). The test of voluntariness is well-established: whether the confession is a product of an essentially free and unrestrained choice by its maker.

While the defendant is mindful that the Supreme Court has never held that the psychological impact of a voluntary disclosure of a guilty secret necessarily qualifies as a

state compulsion or compromises the validity any subsequent informed waiver. *Oregon v. Elstad,* 470 U.S. 298, 312 (1985).

The present case, however, bears a marked similarity to that *Lynumn v. Illinois* 372, U.S. 528 (1963), where the defendant was threatened with the loss of her children unless she cooperated with the police. Similar still, in an earlier decision in *Harris v. South Carolina,* 338 U.S. 68, a defendant was threatened with the arrest of his mother unless he agreed to confess to a crime. These considerations obtained in the instant case as well, insofar as the defendant's loved-ones were threatened with arrest, detention and incarceration unless he assumed responsibility for items that were found in a resident shared by more than one individual. *Accord, United States v. Morris,* 977 F. 2d 677, 682 (1st Cir. 1992).

While coercive police activity is a necessary predicate to finding confession involuntary, *Colorado v. Connelly,* 479 U.S. 157, 167 (1986), forms of psychological persuasion are similarly found to be predicates for a constitutional violation. *Id.* at 164. *See also, Unites States v. Kelley,* 953 F. 2d 562, 565 (9th Cir. 1992). The hallmark of any statement provided by a defendant is the voluntary quality of the same, and reviewing the same the court must consider the totality of the surrounding circumstances *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973). In assessing the totality of these circumstances, it is clear that the defendant had no alternative but to make an incriminatory statement lest not only he but his family members be prosecuted for possession of this firearm. Had the defendant, chosen not to provide this statement, he still would have been prosecuted but his family members may have also been prosecuted for the same offense.

Where the challenged statements are made by a defendant after arrest, the degree of free will exercised by the defendant is not irrelevant in determining the extent to which the basic purpose of the exclusionary will be advanced by its application. *United States v. Paradis,* 351 F. 3d, 21, 34 (1st Cir. 2003); *United States v. Ceccolini,* 435 U.S 268, 276 (1978).

WHEREFORE, for the foregoing reasons, the defendant respectfully prays this Honorable Court to exclude from introduction to evidence whether directly, indirectly or otherwise, the statement or statements secured from the defendant while at the Pawtucket Police Department on the 22nd day of May, 2004.

Defendant,
RENE H. TORRES
By his Attorney,

David A. Cooper

David Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

**CERTIFICATION**

I hereby certify that on this the 6th day of June, 2005, I served a true and correct copy of the within Memorandum upon Dulce Donovan, Esquire, Assistant United States Attorney Office of the United States Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903, by regular mail postage prepaid.

[signature]

Rene Torres.Mot.Sup.stmts.doc