**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CA. NO.: CR 05-57T** |
| **VS.** | : | |
| | : | |
| **RENE H. TORRES** | : | |

**DEFENDANT'S RENE H. TORRES, MOTION TO SUPRESS PHYSICAL EVIDENCE**

NOW COMES, the defendant, Rene Torres, by and through counsel, and moves this Honorable Court, to suppress from introduction into evidence, whether directly, indirectly, indirectly or otherwise, any and all physical evidence derived or seized from a search of those premises located at 688 Broadway, Third Floor, Pawtucket, Rhode Island, on or about the 22nd day of March, 2004.

In support of the foregoing, the defendant hereby incorporates by reference the arguments set forth in the defendant's accompanying Memorandum of Law.

Defendant,
RENE TORRES
By his Attorney,

David A Cooper

David Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

**CERTIFICATION**

I hereby certify that on this the 6th day of June, 2005, I served a true and correct copy of the within Motion, by regular mail, postage prepaid, upon Dulce Donovan, Esquire, Office of the United States Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903.

Renee Torres.Motion.Sup.Evid..doc

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CA. NO.: CR 05-57T** |
| **VS.** | : | |
| | : | |
| **RENE H. TORRES** | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE**

I. STATEMENT OF THE FACTS:

On or about March 22, 2004, the defendant, Rene H. Torres, was a resident and individual then residing within a third floor apartment, located within the City of Pawtucket, Rhode Island.

The government proffers no evidence of any overt act by this defendant, contrary to law for which he had been previously, detained, arrested or otherwise subject to criminal prosecution. On the date in question, however, the Government sought of a Rhode Island District Court Judge, by means of an Affidavit, executed by Detective Robert Tefft of the Pawtucket Police Department, the authority to search both the second and third floors of the defendant's purported residence located at 688 Broadway, within the City of Pawtucket. The government claims that residence or residences to have been under the dominion and control of this defendant, Rene H. Torres.

Upon the conduct of a search of the third floor apartment at 688 Broadway, representatives of the Pawtucket Police Department, secured a certain Beretta .32 caliber

semi-automatic pistol, which was ostensibly situated in that location. The possession of that weapon constitutes the offense with which this defendant stands charged.

II. STATEMENT OF THE ISSUE:

Was the seizure of the weapon at issue, effected pursuant to an invalid and defective warrant, which had been predicated upon misrepresentations of statements of fact and in derogation of the Fourth and Fourteenth Amendments to the United States Constitution?

III. LEGAL ARGUMENT:

The Government secured a warrant to search the third floor apartment at 688 Broadway, per Order of one Joseph Ippolitto, Jr., Magistrate of the Rhode Island District Court, on the 17th day of March, 2004. That warrant was issued pursuant to an affidavit executed by one Robert Tefft, a detective with the Pawtucket Police Department. That affidavit, which, in pertinent part, indicates that a source or sources who wish to remain anonymous reported that the defendant was responsible for trafficking cocaine from his residence at 688 Broadway in Pawtucket. Notably, this affiant, Detective Tefft, never states whether this supposed source or informant is singular, plural, male or female, but merely remained a "source." Moreover, Detective Tefft, in his application for the warrant *never indicates* whether this (source) had *ever proven* reliable at any times past.

Simply stated, the source or sources of this supposed information not only remained anonymous but actually ephemeral. Detective Tefft did not provide the issuing court with any factual basis constituting grounds for reliability. It is unknown whether this supposed source, whether its he, she or they had any facts constituting grounds for

any knowledge or understanding as to the defendant's warrant situation immediately prior to the securing of the warrant.

Moreover, while the government indicates, in its Affidavit, that a confidential informant had been searched and employed to secure a controlled buy of a quantity of cocaine from the defendant, there is no indication in the body of the warrant whether this supposed confidential informant had been reliable, himself or herself in the past and whether or not that informant effecting the controlled buy was the same individual who had supposedly provided information by means of previous interviews regarding this defendant. It should be noted, moreover, that this supposed delivery of cocaine to one of the supposed confidential informants, was never ever observed by members of the Pawtucket Police Department but only reported to them by that supposed informant, who's reliability remains, at best, conjectural.

The First Circuit has ruled that in assessing whether a policeman's Affidavit provides probable cause for issuance of a search warrant, the important indicia of reliability was the fact that the confidential informant's knowledge is based upon personal observation rather than hearsay. *See, United States v. Cochrane,* 896 F. 2d, 635, 641 (1st Cir. 1990); *See also, United States v. Moscatiello,* 771 F. 2d, 589, 599 (1st Cir. 1986). In the instant case, there is **absolutely no indication** as to whether the confidential informant (a male or female) had personal or any knowledge whatsoever of the defendant's habits or circumstances. An affidavit supporting a search warrant may disclose an adequate basis for evaluating an informant's knowledge, through its very specificity and detail, as the same is related through informant's first hand description of the place to be searched or items to be seized, *United States v. Taylor,* 985 F. 2d, 3, 6 (1st

Cir. 1993). Such a factual predicate however, is notably lacking in the instant case the government in the instant case. The Government, cannot even represent to this court, that whether a singular or multiple informant is/were employed and who provided the basis of the information secured. Any claim of reliability is undermined by the complete lack of objectivity provided the issue in court with respect to the warrant.

It is axiomatic, that probable cause to search need not be sustained by proof beyond a reasonable doubt. *United States v. Khounsavanh,* 113 F. 3d 279, 283 (1st Cir. 1997). In the former case, the First Circuit offered a non-exhaustive list of possible factors that a Magistrate or a reviewing court may consider in assessing the viability of an application for a warrant. The Circuit Court, observed, that, "among others, the factors that may contribute to a probable cause determination include whether an affidavit supports the probable veracity or basis of knowledge of person's supplying hearsay information; whether the informant's statements are self-authenticating; whether some or all of the informant's factual statements were corroborated, wherever reasonable and practicable (e.g. through police surveillance); and whether a law enforcement affidavit included a professional assessment of the probable significance of the facts related by the informant, based on experience or expertise. *See also, United States v. Zayas – Diaz,* 95 F. 3d 105, 111 (1st Cir. 1996). By this standard, the government's claim of probable cause in this matter falls woefully short. There is no circumstance which can attach any reliability to any statement made by any one or more of the proposed informants.

It is clearly established that an affidavit serving as the basis for the issuance of a search warrant "is sufficient when it demonstrates some trustworthy fashion the likelihood that an offense has been committed that there is sound reason to believe that a

particular search will turn up evidence of it." *United States v. Nocella,* 849 F. 2d 33, 39; *United States v. Spinosa,* 982 F. 2d, 620, 626 (1st Cir. 1992). To determine whether the government has made a sufficient showing of probable cause, the court must take into account the "totality of the circumstances." *Illinois v. Gates,* 462 U.S. 213, 230 (1983), and examine, *inter alia,* the veracity and reliability of any informant(s) and the bases of their knowledge. *See, e.g, United States v. Bucuvalas,* 970 F. 2d, 937, 940 (1st Cir. 1992)

In evaluating the totality of the information provided in the affidavit submitted this to court, the hearing court must bear in mind that the so-called confidential informant(s), was (were) not the individual's supposedly relied upon by the representatives of the Pawtucket Police Department to garner information regarding this defendant. Moreover, the names, identities, circumstances and any factual or other basis for making a determination as to credibility of the information provided have been expurgated from the affidavits which were used to secure the warrant.

Notably, there is no corroborating or self-authenticating information, provided to the court, as would substantiate or verify the allegations made by these so-called informant(s). *See e.g., United States v. Barnard,* 299 F. 3d 90, 93 (1st Cir. 2002) The First Circuit, in its Barnard decision, made appropriate note that a mere assertion of reliability without any information regarding the basis for an officer's belief, such as past tips, leading to arrest, is entitled to only "slight" weight. *Barnard,* 299 F. 3d, at 93.

In sum and substance, as can best be discerned, this informant was an anonymous tipster(s), and any whose reliability could not be known to the police or who could gainsay his statements of fact provided by him. *See e.g., Florida v. J.L.* 529 US 266, 270 (2000). There is no evidence, of any consequence, substantiating the basis for the

allegations made to the issuing judge. The allegations regarding this defendant were made by an unknown, anonymous, male or female, unknown males unknown females, or some combination thereof to the police, with no prior record of reliability and who merely indicated that he, she, they, or same combination thereof, believe the defendant may be involved in criminal wrongdoing. The issuance of the warrant, based upon these facts and circumstances was faulty. There was no factual predicate supporting the issuance of this warrant.

While the District Court must assess the sufficiency of an affidavit supporting a warrant, in a practical, common sense fashion due according deference to reasonable inferences, the issuing judicial officer may have drawn, *United States v. Beckett,* 321 F. 3d. 26, 30 (1st Cir. 2003). Even granting such deference in the instant case the determination that this defendant was engaged in any form of criminality was speculative and without any objective or other basis in fact. Neither the government nor its representatives ever made known to the issuing court the relationship between the informant, informants or any combination thereof nor did it take into account any prior history of reliability as to the basis of knowledge or information gleaned thereby.

IV. CONCLUSION:

WHEREFORE, for all the foregoing reasons, the defendant prays this Honorable Court to suppress from introduction into evidence any evidence derived from a search of 688 Broadway, Third Floor apartment, on about March 22, 2004.

Defendant,
RENE TORRES
By his Attorney,

David Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

**CERTIFICATION**

I hereby certify that on this the 6th day of June, 2005, I served a true and correct copy of the within Memorandum of Law, by regular mail postage prepaid, upon Dulce Donovan, Esquire, Office of the United States Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903.

Renee Torres.Motion.doc