**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

FILED JUL 06 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CA. NO.: CR 05-57T** |
| **VS.** | : | |
| | : | |
| | : | |
| **RENE H. TORRES** | : | |

**DEFENDANT, RENE H. TORRES', MOTION FOR A FRANKS HEARING**

NOW COMES the defendant, Rene Torres, by and through counsel, and moves this Honorable Court for the conduct of a hearing pursuant to the decision of the United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154 (1978).

In support of the foregoing, the defendant hereby incorporates by reference the arguments set forth in the defendant's accompanying Memorandum of Law.

Defendant,
RENE H. TORRES
By his Attorney,

David Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

**CERTIFICATION**

I hereby certify that on this the ~~24th~~ 1st day of ~~June~~ July, 2005, I served a true and correct copy of the within Motion, by regular mail, postage prepaid, upon Dulce Donovan, Esquire, Office of the United States Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903, by regular mail postage prepaid.

Rene Torres.Mot.Franks.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CA. NO.: CR 05-57 T |
| VS. | : | |
| | : | |
| | : | |
| RENE H. TORRES | : | |

**DEFENDANT, RENEE H. TORRES', MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A FRANKS HEARING**

## I. STATEMENT OF THE FACTS:

Representatives of the Pawtucket Police Department secured a warrant to search both the second and third floor apartments, located at 688 Broadway, per Order of one Joseph Ippolitto, Jr., a Magistrate of the Rhode Island District Court, on or about the 17th day of March, 2004. That warrant was issued pursuant to an affidavit executed by one Robert Tefft, a detective with the Pawtucket Police Department. That affidavit, which, in pertinent part, indicates that a supposed source or sources, who wish to remain anonymous, reported that the defendant was responsible for trafficking cocaine from his residence at 688 Broadway in Pawtucket. Notably, the affiant, Detective Tefft, never states whether this supposed source or informant was singular, plural, male or female, but merely remained a "source or sources." More significantly still, Detective Tefft, in his application for the court, never indicated whether this source or sources had ever proven reliable at any time past or that there was any basis for determining his or her reliability.

This "source or sources," had provided information that the defendant was maintaining a narcotics operation on both the second or third floor apartments at 688

Broadway, within the City of Pawtucket. While the Pawtucket Police executed the search warrant on the third floor apartment, curiously, no return of the warrant was ever received for the second floor apartment. In fact, the defendant did not live on the second floor apartment, nor had he maintained or at any time exercised control of that apartment.

The second floor apartment remained in the possession and in the custody and control of one Jeremy Woodward, who, at all times relevant hereto lived in that apartment. *See, Affidavit of Jeremy Woodward.* Upon seeking to execute the warrant on the second floor apartment, the police were confronted by Mr. Woodward who, allowed them to search that apartment in which he resided and no illegal substances were there found.

Moreover, when the police went to search the third floor apartment at 688 Broadway, notwithstanding the supposed representations of a cocaine trafficking ring being operated from that apartment, no cocaine was found therein. Moreover, police had represented that just prior to the execution of the warrant a controlled buy had occurred at that apartment. That controlled buy was supposedly facilitated through the use of certain marked currency which police claim to have provided to the so-called informant. Upon execution of the warrant, however, that marked currency that was allegedly provided to the defendant, was never found either in the apartment or on the person of the defendant. Pointedly, no drug paraphernalia or any indicia of a narcotics trafficking operation was discovered there either. Police discovered no scale, no cutting agent, no baggies or packaging material, no isotol or any similar typical drug trafficking material.

The only substances discovered by police were bottles of prescribed medications for both the defendant and his wife, which had been lawfully obtained from a physician.

In sum and substance, the entirety of the information supposedly provided by the informant or informants was proven to be not only unreliable but patently false.

## II. STATEMENT OF THE ISSUE:

Is the defendant entitled to a hearing, pursuant to the decision of the United States Supreme Court in *Franks v. Delaware,* 438 U.S. 154 (1978), insofar as the affidavit presented to secure the authorization of the warrant therein was invalid as containing materially misleading, intentionally false or reckless information?

## III. LEGAL ARGUMENT:

Initially, the defendant incorporates by reference his arguments as set forth in the Defendant's Memorandum of Law in Support of Motion to Suppress Physical Evidence and the Defendant's Memorandum of Law in Support of Motion to Suppress Statements.

The affidavit herein rested solely upon the information supplied by the so-called informant or informants, none of whose reliability was even vouchsafed by the affiant, Detective Tefft. There is no statement, whatsoever, stating whether this informant or these informants have ever proven reliable at any time past. As became evident upon the execution, or attempted execution of the search warrants the affidavit contains materially misleading, false and recklessly supplied information such as requires a hearing pursuant to the decision of the United States Supreme Court Decision in *Franks v. Delaware*, 438 U.S. 154 (1978), and its progeny. Even were the court to excise all the misleading statements from the affidavit, *Franks,* 438 U.S. at 171-72, there could be no adequate showing of probable cause such as all the misstatements herein are material. *Id.* *See*

*also, e.g., United States v. Cole,* 807 F. 2d 262, 268 (1st Cir. 1986), *cert. denied,* 481 U.S. 1069 (1987).

It is painfully evident, given the affidavit of Mr. Woodward, that the evidence supplied to the issuing court regarding the ownership of property by the defendant on the second floor of 688 Broadway was that very sort of knowing and intentional misrepresentation of a material fact as would warrant the exclusion of this evidence. *United States v. Vargas* 931 F. 2d. 112, 114 (1st Cir. 1991). This alone more than satisfied the defendant's burden of making a substantial preliminary showing of a misrepresentation of a material fact as required by *Franks.* 438 U.S. at 155. The affidavit was demonstrably false. Moreover, this warrant did not contain any independent police corroboration of either the informant's reliability or his or her representations. *Cf. United States v. Bonner,* 808 F. 2d 864 (1st Cir. 1986).

Coupled, moreover with the fact that the third floor apartment, upon execution of the warrant was not a drug factory and had none of the indicia of the same, as alleged by these informant(s), renders each and every single substance of fact alleged by these so-called informant or informants, as more than reckless. If, this(ese) informant or informants actually do or did exist, all information provided by them, of a material sort was not corroborated nor even sought to be corroborated by independent police investigation. In fact, the same were actually contradicted by the results obtained upon execution of the warrant predicated upon that information.

The ultimate evidentiary question for the court to consider is whether this defendant can establish by a preponderance of the evidence, at a *Franks* hearing, whether (1): the affidavit was perjurious, or prepared with reckless disregard for its truth; and. (2) whether

the affidavit, without the false material was insufficient to establish probable cause for the search. If so, the warrant was void and the fruits of the search must be suppressed. *Franks*, 438 U.S. at 155-156. *United States v. Barnett,* 989 F. 2d 546, 556 (1st Cir. 1993). As regards to second prong, it is axiomatic that without the false information provided by the so-called informant or informants, who may or may not exist there was no basis in fact or law as would have justified the issuance of a warrant. With regard to the former prong, the defendant alleges that an evidentiary hearing must be held in order to determine whether the affiant prepared this affidavit knowing, in sum and substance, that there was, in fact, no informant or that the information derived from that informant or informants was false.

An assertion is made with reckless disregard for the truth when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his or her statements or had obvious reasons to doubt the accuracy of the information he or she reported. *Wilson v. Russo,* 212 F. 3d 781, 788 (3rd Cir. 2000); *Menebhi v. Mattos*, 183 F. Supp. 2d 490, 503 (D.R.I. 2002). That assertion, moreover must be material to the finding of probable cause. *Wilson,* 212 F. 3d at 789; *See also, United States v. Riveria* 750 F. Supp. 614, 617 (S.D.N.Y. 1990). In the instant case, it is indisputable that the statements provided by these so-called informants, all of which were untrue, were material. Absent the same, probable cause would have not existed as would justify the execution of the issuance of a warrant. Moreover, the defendant is left to question, given the exacting inaccuracy of the supposed informant(s), whether there actually was any informant or informants. The Pawtucket Police knew, or should have known that the information therewith supplied was false and perjurious.

## IV. CONCLUSION:

WHEREFORE, for all the foregoing reasons, the defendant, Rene H. Torres, prays this Honorable Court to order the conduct of a *Franks* hearing and, thereafter, to suppress from introduction to evidence any and all evidence, of whatever nature or sort, derived from the execution of the warrants secured by the means of the affidavits presented to the District Court (Rhode Island) Justice.

Defendant,
RENE H. TORRES
By his Attorney,

David Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

**CERTIFICATION**

I hereby certify that on this the ~~27th~~ 1st day of ~~June~~ July, 2005, I served a true and correct copy of the within Memorandum upon Dulce Donovan, Esquire, Office of the United States Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903, by regular mail, postage prepaid.

cme Torres.Mem.LAWSupp.Franks.doc

DISTRICT OF RHODE ISLAND
U.S. DISTRICT COURT

2005 JUL -6 A 10: 14

FILED