**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CA. NO.: CR 05-57T** |
| **VS.** | : | |
| | : | |
| | : | |
| **RENE H. TORRES** | : | |

**DEFENDANT'S REPLY MEMORANDUM TO THE GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO SUPRESS PHYSICAL EVIDENCE**

## I. STATEMENTS OF FACT:

The Government in its Memorandum in Support of its Objection to the Defendant's Motion to Suppress Physical Evidence, cites four (4) supposed factors to underlie the supposed veracity of its sources of information to the affiant, Detective Tefft of the Pawtucket Police Department. For the reasons hereinafter stated all such factors prove unavailing to the Government, as the defendant hereby addresses each, seriatim.

First, the government claims that the information reported was based on "first hand conversations with the defendant and the face to face controlled buy."

Initially, it should be noted that the so-called controlled buy was not witnessed by any member of the Pawtucket Police Department or any law enforcement authority. Moreover, the supposed marked currency provided to facilitate this controlled buy was never found upon the execution of the warrant and was not found upon the person or effects of the defendant. It appears outrageous for the government to contend given the inaccuracy of the information supposedly provided to the police, and without being able to state that this informant has ever proven reliable in the past or had any basis for

reliability, that the so-called conversations or controlled buy, are worthy of any evidentiary value or consideration. *See, Defendant's Memorandum in Support of Motion for a Franks Hearing.*

Secondly, the government contends the level of detail provided concerning the manner in which the defendant conducted his drug dealing supposedly constituted a basis for the veracity of the informant. However, the informant, allegedly told the Pawtucket Police the defendant resided at 688 Broadway, second floor apartment. A copy of the affidavit of Jeremy Woodward, who resided at that apartment, at all times relevant hereto is appended to this memorandum. Moreover, in terms of the specificity of the information, that the defendant was conducting a large scale narcotics operation from the third floor apartment at 688 Broadway, this, likewise was also unfounded. Law enforcement found no indicia of a narcotics operation being conducted at that address. No cocaine was found. No scale was found. No cutting agent was found. No bagging or packaging material was found. No isotol was found. Simply stated, the typical accruement of a narcotics operation did not exist, not withstanding the supposed protestations of the informant or informants.

The government thirdly alleges that the fact that the material elements of the sources' information were corroborated by the informant's controlled purchase of cocaine. The government simply cannot verify the same. The Government did not record or video tape the so-called controlled buy. The money provided to the so-called informant or informants was not discovered. It was not on the person of the defendant at the time of his arrest nor was it found among his personal goods. The accuracy of the controlled buy itself is suspect, insofar as the so-called informant entered through the first

floor apartment door and removed himself from the view of law enforcement. The police could not possibly determine which apartment, if any, in that building that the informant actually visited at the time of this controlled buy. Accordingly, all the details regarding that controlled buy were ostensibly elicited from the informant, from whom all other details have proven to be notoriously wrong.

The Government lastly cites Detective Tefft's professional assessment concerning the significant of facts related by the sources and the confidential informant. Leaving aside whether there were sources aside from the confidential informant or informants, his professional assessment as to the reliability of these informants was never made known to the issuing judge and only later proved woefully incorrect. The issuing judge in the Rhode Island District Court, was never made to know whether this informant had proven reliable and the issuing judge was never privy to Detective Tefft's professional assessment but rather relied solely upon the facts related but the informant, all of which were untrue.

II. **CONCLUSION**:

WHEREFORE, for the foregoing reasons and those heretofore set forth in the Defendant's Memorandum in Support of Motion to Support Physical Evidence, the defendant prays for the suppression of all evidence seized and as prayed in the instant Motion.

Defendant,
RENE H. TORRES
By his Attorney,

David Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

**CERTIFICATION**

I hereby certify that on this the ~~24th~~ 1st day of ~~June~~ July, 2005, I served a true and correct copy of the within Memorandum of Law upon Dulce Donovan, Esquire, Assistant United States Attorney Office of the United States Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903, by regular mail, postage prepaid.

Rene Torres.Reply.Mem.doc