**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Cr. No. 05-57T** |
| **v.** | ) | |
| | ) | |
| **RENE H. TORRES** | ) | |

**UNITED STATES' OBJECTION TO**
**DEFENDANT'S MOTION FOR A FRANKS HEARING**

On July 7, 2005, Defendant Rene H. Torres filed a motion for a Franks hearing and memorandum in support thereof. For the reasons stated in the accompanying memorandum of law, the United States objects to Torres' Motion for a Franks Hearing.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: August 11, 2005

DULCE DONOVAN
Assistant U.S. Attorney
50 Kennedy Plaza
Providence, Rhode Island 02903
(401) 709-5000

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Cr. No. 05-57T** |
| **v.** | ) | |
| | ) | |
| **RENE H. TORRES** | ) | |

## <u>Certificate of Service</u>

I hereby certify than on this, the 11th day of August, 2005, I served a true copy of the foregoing, "United States' Objection to Defendant's Motion for a <u>Franks</u> Hearing", by mailing same, first-class mail, postage pre-paid, to:

David A. Cooper, Esquire
127 Dorrance Street
Providence, Rhode Island 02903

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Cr. No. 05-57T** |
| **v.** | ) | |
| | ) | |
| **RENE H. TORRES** | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION FOR FRANKS HEARING**

## I. Introduction

On July 6, 2005, Defendant Rene Torres filed a Motion for Franks Hearing.[1] The United States opposes the motion because Torres has failed to demonstrate that the affidavit submitted in support of the search warrant to search his home at 688 Broadway, Pawtucket, Rhode Island, contained deliberate falsehoods or statements made with reckless disregard for the truth. Accordingly, the motion should be denied.

## II. Facts

On March 17, 2004, Detective Robert Tefft of the Pawtucket Police Department submitted an affidavit of probable cause in support of a search warrant to search Defendant's third floor apartment at 688 Broadway, Pawtucket, Rhode Island, as well as the basement of the building. (Ex. 1.) Police also sought a warrant to search the second floor apartment at 688 Broadway based on the identical affidavit. (Ex. 2.) The affidavit set forth facts and circumstances relating to the defendant trafficking in large scale quantities of cocaine from 688 Broadway. After reviewing the affidavit, Magistrate Judge Joseph P. Ippolito, Jr. of the State of Rhode Island District Court, signed and issued the search warrant for the third floor apartment at

---

[1] On June 6, 2005, Torres filed a Motion to Suppress Physical Evidence and a Motion to Suppress Statements. The United States has opposed those motions and a suppression hearing is scheduled for September 15, 2005.

688 Broadway, Defendant's residence and the basement, and a second search warrant for the apartment on the second floor.

Subsequently, on March 22, 2004, members of the Pawtucket Police Special Squad executed the court authorized search warrant for the third floor apartment and basement at 688 Broadway.[2] While searching the residence, officers located and seized a number of items, including a loaded .32 caliber Beretta semi-automatic pistol.

## III. Argument

The starting point for any inquiry regarding a Franks v. Delaware hearing ("Franks hearing") is that "a presumption of validity [exists] with respect to the affidavit supporting [a] search warrant." Franks v. Delaware, 438 U.S. 154 (1978).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

Id. at 172.

Prior to the Franks decision, the State of Delaware, among other jurisdictions, did not

---

[2] Despite Torres' arguments to the contrary, police did not execute the warrant to search the second-floor apartment. See Ex. 2.

allow challenges to the truthfulness of factual statements contained in supporting warrant affidavits under *any* circumstances once the warrant had been issued. Franks, 438 U.S. at 155. The Supreme Court's decision in Franks, allowing such challenges in very limited circumstances, was based upon the premise that the Warrant Clause in the Fourth Amendment of the Constitution assumed that the probable cause provided in the affidavit would be based upon a "*truthful* showing." Franks, 438 U.S. at 164-65 (quoting United States v. Hal, 257 F.Supp. 1002, 1005 (S.D.N.Y. 1966)).

The Supreme Court took great pains in the Franks case to make sure that lower courts did not interpret this ruling to enable defendants to abuse such hearings. The Court pointed out that,

> This does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.

Id.

The Supreme Court went on to acknowledge the validity of concerns such as: if Franks hearings were allowed to be routinely conducted, they would overburden the criminal dockets and allow diversion of attention from the main issue of whether a defendant is guilty or innocent; that defendants would attempt to use such Franks hearings as discovery tools, and attempt to learn the identity of government informants; that such a veracity challenge is inappropriate because the "accuracy of an affidavit in large part is beyond the control of the affiant" as it may properly be based upon hearsay, fleeting observations and tips from confidential informants whose identity should be protected by the courts from revelation. Id. at 167. The Court also acknowledged the potential for abuse by defendants regarding Franks hearings. The Court specifically pointed out that the veracity challenge allowed by a Franks challenge is quite limited

in scope; both with regard to when such a hearing will be allowed and, if so, whether exclusion of evidence is warranted. The Court directed that the lower courts should require defendants seeking such hearings to meet sensible threshold showings and, if defendants could not, then the courts should deny such motions. Id. 170. In addition, courts should guard against the misuse of Franks hearings by defendants for purposes such as discovery or obstruction. Id.

Accordingly, to obtain a Franks hearing to challenge the information contained in the affidavit, and thereby challenge the probable cause basis for the warrant itself, a defendant must make a (1) "substantial preliminary showing" (2) that the search warrant affidavit contains deliberate false statements or those made with reckless disregard for the truth, (3) by the affiant, and (4) that "the allegedly false statement is necessary to the finding of probable cause." United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (citing Franks, 438 U.S. at 155–56). Accord, United States v. Southard, 700 F.2d 1, 8 (1st Cir. 1983) (defendant not entitled to evidentiary hearing without "substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . [the statement] is necessary to the finding of probable cause") (quoting Franks, 438 U.S. 155-56). Evidence of negligence or innocent mistakes is insufficient. Franks, 438 U.S. at 171.

In the instant case, Torres attempts to meet his burden of making a substantial preliminary showing by submitting two affidavits. In the first, an individual by the name of Jeremy Woodward states that during the month of March 2005, he lived in his apartment on the second floor of 688 Broadway, that he had lived there for "a period of time," and that Rene Torres did not have access to the apartment or store any personal or other property there. (Def.'s Ex. 4 ¶¶ 2, 5.) Woodward further states that on March 22, 2005, representatives of the Pawtucket Police

Department called him and informed Woodward that they had a search warrant for his apartment. Woodward met officers at his apartment, the officers searched the apartment and found nothing. (Id. ¶ 6.)

The second affidavit submitted by Torres is by an individual named Denise Morgan. (Def.'s Ex. 5.) Morgan also states that during the month of March 2005, she resided at her apartment at 688 Broadway on the second floor. Morgan further states that Rene Torres had no access to her apartment and did not store any personal or other property in the apartment. (Id. ¶¶ 3, 4.) Morgan avers that on March 22, 2005, Pawtucket Police officers knocked on her door and asked if they could search the apartment, which she allowed. (Id. ¶¶ 5,6.)

Torres argues that Woodward's affidavit demonstrates that "the evidence supplied to the issuing court regarding the ownership of property by the defendant on the second floor of 688 Broadway" constituted a knowing and intentional misrepresentation of fact.[3] In addition, Torres maintains that the fact that the police found no evidence of drug trafficking upon searching the third floor apartment renders "reckless" each fact supplied by the confidential informants to which the affidavit refers.

The fact that police found no evidence of drug trafficking upon searching Defendant's apartment does not demonstrate that the affidavit contains material false statements made with reckless disregard for the truth. Defendant's argument on this point is merely conclusory, completely lacking in evidentiary support. Moreover, Woodward's affidavit does nothing to

---

[3] Notably, Torres makes no mention of Morgan's affidavit in his supporting memorandum. As the report of Bureau of Alcohol, Tobacco and Firearms Special Agent Eric Yankee demonstrates, Ms. Morgan's address is 686 Broadway, not 688, and thus her affidavit does not add anything to Defendant's argument that the affidavit contained inaccuracies concerning activity at 688 Broadway. (Ex. 3.)

illustrate that in making any of the statements in the affidavit Tefft "in fact had entertained serious doubts as to the truth of the allegations" concerning Defendant's ownership of property in the second floor apartment or Defendant's suspected drug trafficking in general. Ranney, 298 F.3d at 78 (quoting United States v. Williams, 737 F.2d 594, 602 (7th Cir. 1984)). Nothing in either affidavit submitted by Torres negates the possibility that, assuming some of the statements in the affidavit were in fact inaccurate, their inclusion was the result of mere negligence or innocent mistake.[4]

Even if the Court determines that the Defendant has made the requisite substantial showing of deliberate falsehood or reckless disregard for the truth by Detective Tefft, he fails to meet the final portion of the Franks test. The Defendant must also make a substantial preliminary showing that "absent the false information the affidavit contained insufficient evidence to support a finding of probable cause." Ranney, 298 F.3d at 78 (citing Franks, 438 U.S. at 171-72). Put another way, "if, when material that is the subject of the alleged falsity is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." Southard, 700 F.2d at 8 (quoting Franks, 438 U.S. at 171-72).

In the instant case, the alleged inaccuracy concerning Defendant's maintenance of drugs and other property in the second floor apartment, for which the search warrant was not executed, says nothing about the accuracy of the remaining information which more than supported probable cause to search Defendant's third floor apartment and the basement at 688 Broadway. The remaining information in the affidavit consisted of detailed accounts of Defendant's drug

---

[4] In making such a suggestion, the United States in no way concedes that any of the information contained in the affidavit was inaccurate.

dealing from several confidential sources, corroboration of the Defendant's drug dealing from a confidential informant's controlled purchase of cocaine, and Detective Tefft's experienced assessment of the information supplied. The totality of the facts, as more fully discussed in the United States' Memorandum in Support of Its Objection to Defendant's Motion to Suppress Physical Evidence, clearly shows probable cause for the issuance of the search warrant.

## III. Conclusion

Based upon the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motion for a Franks hearing.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: August 11, 2005

DULCE DONOVAN
Assistant U.S. Attorney
50 Kennedy Plaza
Providence, Rhode Island 02903
(401) 709-5000

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Cr. No. 05-57T** |
| **v.** | ) | |
| | ) | |
| **RENE H. TORRES** | ) | |

**Certificate of Service**

I hereby certify than on this, the 11th day of August, 2005, I served a true copy of the foregoing, "United States' Memorandum in Support of Objection to Defendant's Motion for Franks hearing", by mailing same, first-class mail, postage pre-paid, to:

David A. Cooper, Esquire
127 Dorrance Street
Providence, Rhode Island 02903

[signature]