UNITED STATES STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
VS. :
:
RENE H. TORRES : C.A. NO.: CR 05-570

**AFFIDAVIT OF RENE H. TORRES**

I, Rene Torres, do hereby swear upon oath, due oppose the say as follow:

1. I am an adult individual and have personal knowledge of the facts here and after set forth;

2. That in and during the month of March 2004, I resided at my apartment located at 688 Broadway, 3rd Floor in the City of Pawtucket, Rhode Island.

3. That I have resided there for a substantial period of time with my wife, Wendi Torres and my children, Rene Torres Jr. (D.O.B 11-15-92), Jordan Torres (D.O.B. 5-18-95), Edwin Torres (D.O.B 6-25-02) and that was my only residence;

4. I was not involved in trafficking large quantities of cocaine from 688 Broadway in the City of Pawtucket on the 2nd floor, 3rd floor, or basement of that building. The allegations in the Affidavit that I was involved in trafficking cocaine at 688 Broadway in the City of Pawtucket are false and made in reckless disregard for the truth.

5. I have never lived on the 2nd Floor of 686 Broadway or 688 Broadway in the City of Pawtucket, as indicated in the Affidavit for the search warrant for the 2nd Floor of 688 Broadway as indicated by the Pawtucket Police Department.

6. I have never maintained a vacant 2nd Floor apartment in 688 Broadway or 686 Broadway or stored cocaine at either location as indicated in the Affidavit of the search warrant. Both statements about me maintaining an apartment in the 2nd floor of 686 Broadway or 688 Broadway are completely false.

7. I never stored kilograms of cocaine in a large safe at 686 Broadway as indicated in the Affidavit for the search warrant.

8. I never owned a large safe at any time while living at 688 Broadway in Pawtucket, Rhode Island.

9. I never had a conversation with the source identified in the search warrant Affidavit nor did I advise the source that I maintained an apartment in the 2nd Floor. I never informed the confidential informant that I maintained a 2nd Floor apartment that was vacant and used it to store cocaine.

10. The statements in the Affidavit for the search warrant are false where it sets forth that I secreted cocaine in the basement of 688 Broadway in the City of Pawtucket, Rhode Island.

11. I did not maintain video surveillance of the Pawtucket Police as indicated in the Affidavit for the search warrant. I did have a video camera at 688 Broadway more than 5 years ago. It was located outside of the building in order to surveille the motor vehicles that were parked in the driveway that were constantly being tampered with by unknown individuals. The camera was also directed at the back yard where my children played.

12. The video camera was not pointed to the street, the public sidewalk, or the front of the building where people would enter.

13. The Affidavit falsely states there were surveillance cameras in the building during March of 2004. The surveillance camera was removed from the building around the year 2000.

14. The alleged surveillance camera has never been used for police surveillance and was inoperable for several years.

15. I have never owned an electronic devise used to listen to cellular telephone conversations as indicated in the Affidavit of the search warrant.

16. The Affidavit of the Pawtucket Police Department search warrant falsely accuses me of having sold cocaine to a confidential informant on or about March 13, 2004 and March 16, 2004 and having been paid with a quantity of recorded official Pawtucket Police Department funds.

17. I never met with any individual and sold them cocaine on or about March 13, 2004 until March 16, 2004 as indicated in the search warrant. I was never paid with any currency that allegedly belonged to the Pawtucket Police Department

18. I was arrested several days after this allege control buy and a police officer searched me and found United States currency, none of the currency found on my person was the alleged currency that the Pawtucket Police Department gave to the informer to make the control buy. I assume that the Pawtucket Police has checked the serial numbers on the money found in my pocket with the money they gave the informer to make the control buy. It is my understanding, that the Pawtucket Police Department while searching, 688 Broadway, found $100 in United States currency in my apartment. The $100 in United States currency was not money from any control buy

or from any confidential informant. I assume that the serial numbers or the marked money was checked against the alleged marked money the Pawtucket Police Department gave the informant to make a control buy from my apartment and that the money has been determined not to be any money that the alleged informant supposedly gave to me to purchase cocaine. The statements in the Pawtucket Police Department Affidavit for the search warrant concerning the confidential informer arriving at and entering 688 Broadway (allegedly going into my apartment) are false.

19. The entrance way to 688 Broadway leads to several apartments and the confidential informant, assuming one existed, never went to my apartment to purchase cocaine during the time period indicated in the Pawtucket Police Department Affidavit.

20. The Affidavit was intentionally and falsely used to mislead the State of Rhode Island District Court Magistrate Joseph P. Ippolito by omitting the fact that 688 Broadway/ 686 Broadway has 4 apartments and the police could not see which, if any apartment the alleged confidential informant went to on the date in question to make the control buy.

21. The Pawtucket Police Department Affidavit for the search warrant also misled the State of Rhode Island District Court Magistrate Joseph P. Ippolito, Jr. to believe I rented an apartment on the 2nd Floor when the 2nd Floor was fully rented by 2 individuals who gave affidavits. The individuals were Jeremy Woodward and Denise Morgan.

22. The affidavit falsely states that I rented an apartment to store cocaine or drug ledges or other paraphernalia on the 2nd Floor of 688 Broadway, when in fact; both those apartments were fully rented by tenants, one of which had lived there for at least 7 years.

23. The Pawtucket Police Department Affidavit falsely states that the confidential informant went to 688 Broadway and purchased cocaine from me and that I went to the basement to retrieve cocaine to give it to the informant at which point the informant gave me United States currency that had either been marked or whose serial numbers were recorded. At no time did I go to the basement to retrieve any cocaine nor was any cocaine found in the basement when the Pawtucket Police Department conducted their search including the use of a drug-sniffing police canine.

24. The affidavit also falsely alleges that the drug ledges and sales record indicated the sale of drugs are located at 688 Broadway when no such records have ever been maintained there nor were any records found during the search of the house.

25. The Pawtucket Police Department Affidavit further alleges that there was a safe maintained on the 2nd floor in which I stored cocaine. That statement is completely false and when the police Department searched the 2nd floor of 688 and 686 Broadway there was no safe found nor was there any cocaine. It is my understanding and belief that the Pawtucket Police Department used a cocaine-sniffing dog and

searched all 4 apartments at 688 and 686 Broadway and found no cocaine, drug ledges, safe, or money allegedly used to buy cocaine from me on the day in question.

26. I swear and adver to the truth to the forgoing that set forth in my affidavit.

Rene H. Torres

State of Rhode Island
Providence County

Subscribed and sworn to before me on this _______ day of 14th day of September 2005 within the City of Cranston, Providence County, Rhode Island.

David A. Cooper
NOTARY PUBLIC
My Commission Expires: 2/11/07